**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALEX GERENA FIGUEROA,**

    **Plaintiff,**

**v.**                                                   **Case No:   6:19-cv-15-Orl-40KRS**

**ORANGE COUNTY PUBLIC SCHOOLS,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:**        **January 4, 2019**

**I.   PROCEDURAL HISTORY.**

On January 3, 2019, Plaintiff Alex Gerena Figueroa filed a Complaint for Employment Discrimination against Orange County Public Schools ("OCPS"). Doc. No. 1. Figueroa asserts that OCPS violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, *et seq*. ("ADA"), that OCPS discriminated against him based on his race and age, and that OCPS's discriminatory conduct included failure to hire and retaliation. *Id.* at 3–4. In the complaint, Figueroa seeks the following relief: "to extend . . . my resignation" as well as "attorneys and court cost." *Id.* at 5.

Included with the complaint are three Dismissal and Notice of Rights forms issued by the United States Equal Employment Opportunity Commission ("EEOC") on September 25, 2017; September 26, 2017, and October 2, 2018.  *Id.* at 7–9.  Each form states that the EEOC was "unable to conclude that the information obtained establishes a violation of the statutes."  *Id.*

With the complaint, Figueroa included a statement submitted to the EEOC, which indicates that he was a high school bus driver for OCPS.  *Id.* at 10.  On November 9 and 10, 2016, students at the school bus stop were not complying with Figueroa's directions.  *Id.*  Figueroa informed one of the students that he would "fill out a referral form on him."  *Id.*  However, the assistant principal informed Figueroa that a "referral won't do any good."  *Id.*  Figueroa felt that the assistant principal was inappropriately misleading the students not to follow Figueroa's directions.  *Id.*

On November 11, 2016, as Figueroa was driving the school bus, the same student was using vulgar terms to describe law enforcement officers.  *Id.*  Figueroa pulled the bus over to the side of the road, called the police, and the police talked to the student about his behavior.  *Id.*  The officers told Figueroa to report and record the incident.  *Id.*  However, the student would not provide Figueroa the necessary information to report it.  *Id.*

On the morning of November 14, 2016, Figueroa asked four students to stay on the bus, including the same student with whom Figueroa had previous issues.  *Id.*  That student refused, pushing Figueroa away.  *Id.*  Figueroa grabbed the student's backpack, the student struggled, and Figueroa "accidentally" grabbed his shirt.  *Id.*  No other school officials were present.  *Id.*  Figueroa felt that he was "in danger for not having any backing from school officials."  *Id.*  On the afternoon of November 14, 2016, Figueroa was terminated from employment.  *Id.* at 10, 12.

With the complaint, Figueroa filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), which I construe as a motion to proceed *in forma pauperis*. Doc. No. 2. The motion was referred to me, and the matter is ripe for review.

## II.     STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants— prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). A complaint is frivolous within the meaning of § 1915(e)(2)(b) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III.   ANALYSIS.**

I recommend that the Court find that Figueroa has not pleaded sufficient facts, accepted as true, to state a claim to relief that is plausible under any of his cited causes of action.  As for the ADA claim, Figueroa does not allege that he suffers from a disability or allege any facts plausibly establishing that he does.   With respect to the age discrimination claim, he alleges that he was born in 1970, which makes him, at most, 49 years old.   He does not, however, allege any facts that would allow the Court to draw a plausible inference that he was terminated due to his age.   He also does not allege his race to support his race discrimination claim or allege any facts that would allow the Court to draw a plausible inference that he was discriminated against due to his race.   His failure to hire claim is equally lacking in factual support, specifically because it appears that he was an employee of OCPS.   Finally, with respect to the retaliation claim, Figueroa does not allege the protected activity he engaged in that allegedly caused his termination.   Therefore, his complaint is due to be dismissed.

**IV.  Leave to Amend**.

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted.  *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002).   It is at least possible that Figueroa could remedy the deficiencies in the current complaint by amendment.   Therefore, I recommend that the Court give Figueroa leave to file an amended complaint.

In an amended complaint, Figueroa must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute or common law.   Figueroa should not include argument in the amended complaint.   Figueroa must name as Defendants only those persons who are responsible for the alleged violations.   He must allege in the body of the complaint, under a

section entitled "Statement of Facts," how each named Defendant participated in the activity that allegedly violated his rights. Figueroa must allege some causal connection between each Defendant named and the injury he allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation. Finally, Figueroa must allege specifically harm or injury by the actions and/or omissions of the Defendant(s).

If the Court permits Figueroa to file an amended complaint, Figueroa may file a renewed motion to proceed *in forma pauperis*. Any such motion must be accompanied by a completed Application to Proceed Without Prepayment of Costs (Long Form).[1] Because Figueroa is proceeding *pro se*, I direct him to the Court's website, which contains information for Litigants without Lawyers that he may find helpful. The address for this website is https://www.flmd.uscourts.gov – For Litigants tab – Litigants without Lawyers drop down selection.

## IV.   RECOMMENDATION

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the complaint and **DIRECT** the Clerk of Court to terminate the motion to proceed *in forma pauperis* (Doc. No. 2). I further **RECOMMEND** that the Court give Figueroa leave to file an amended complaint within a time established by the Court along with a renewed motion to proceed *in forma pauperis*. Finally, I **RECOMMEND** that the Court advise Figueroa that failure

---

[1] The Application to Proceed Without Prepayment of Costs (Long Form) is available at https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or. I note that Figueroa filed another case in this Court: *Figueroa v. Lynx*, 6:18-cv-2181-Orl-37GJK (filed December 20, 2018). In that case, the presiding Magistrate Judge found that because Figueroa's stated income exceeded the poverty guidelines, he was not entitled to proceed *in forma pauperis*. *See id.*, at Doc. No. 30; *see also* Doc. No. 2, at 1 (stating that Figueroa's gross bi-weekly wages are $875.00).

to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

### **NOTICE TO PARTIES.**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 17, 2019.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy